UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARA W. LAUDER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1132 CAS |
| | ) | |
| BEKINS VAN LINES COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter, which was removed from state court a second time, is before the Court on defendant Bekins Van Lines Company's response to the Order to Show Cause issued August 25, 2005. Plaintiff did not file a reply. The Order to Show Cause directed Bekins Van Lines Company to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction, based on the Court's holding in the first removal of this case that complete preemption did not exist and that presence of a federal defense was not a basis for removal jurisdiction. See Lauder v. Bekins Moving & Storage Co., Inc., No. 4:02-CV-1947 CAS, slip op. at 5-7 (E.D. Mo. May 7, 2003).

In order to determine whether subject matter jurisdiction exists, the Court must determine whether the case became removable based on the filing of plaintiff's Second Amended Petition. The Court concludes that the case is not removable, the Court lacks subject matter jurisdiction, and the case must be remanded to state court once again.

**Background**.

This case was originally filed in state court and was removed in 2002 by then-defendant Bekins Moving & Storage Company, Inc. on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1337, 1441 and 1445, and 49 U.S.C. § 14706. Defendant contended that plaintiff's claims, all of which were pleaded under state-law theories, were preempted by the Carmack Amendment, 49 U.S.C. §§ 11076, 14706, and 15906. The Court remanded the case in May 2003 based on its conclusion that the Carmack Amendment did not completely preempt state-law claims so as to permit removal to federal court.

On May 26, 2005, plaintiff filed a First Amended Petition in state court, which dropped Bekins Moving & Storage Company, Inc. as a defendant and named as defendants Bekins Moving and Storage Co. and Bekins Moving and Storage Co., Texas, and pleaded twelve causes of action against these defendants. On June 22, 2005, plaintiff filed her Second Amended Petition, this time naming as defendants Bekins Van Lines Company ("Bekins") and Bekins Moving and Storage Co., Texas, and again asserting twelve causes of action. The Second Amended Petition asserts state law claims for breach of contract, breach of insurance contract, agency, vexatious refusal to pay, misrepresentation, and res ipsa loquitur.

On July 21, 2005, Bekins removed the action to this Court based on 28 U.S.C. §§ 1331, 1337, 1441 and 1445. See Notice of Removal at 1.[1] Bekins states that Count V of the Second Amended Petition alleges that Bekins conducted an interstate move for plaintiff from Texas to Missouri under an interstate bill of lading, and alleges loss or damage to plaintiff's goods in an

---

[1] As discussed infra, Bekins also asserts in the Notice of Removal that subject matter jurisdiction exists based on diversity of citizenship, although it did not cite 28 U.S.C. § 1332 as a basis for removal.

2

amount exceeding $10,000. Bekins contends that original federal question jurisdiction therefore exists under Section 1337, which provides for jurisdiction over claims brought under 49 U.S.C. §§ 11706 and 14706. The Carmack Amendment imposes liability on common carriers and freight forwarders for loss and damages to goods in an interstate commerce shipment, see generally 49 U.S.C. § 14706, and grants district courts original jurisdiction over actions brought under the Amendment if the matter in controversy for each bill of lading or receipt for the transport exceeds $10,000.00, see 28 U.S.C. § 1337(a).

In response to the Order to Show Cause, Bekins affirmatively states that its "sole and exclusive" basis for removal is that plaintiff's claim "arises under" federal statutes, specifically the Carmack Amendment, and that its Notice of Removal is "completely devoid of any reference to the 'complete preemption' doctrine or any federal defense." Mem. Supp. Bekins' Response to Show Cause Order, at 4.

**Legal Standard**.

The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction sua sponte, if necessary. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of

3

London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), cert. denied, 532 U.S. 921 (2001).

In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). A plaintiff is the master of her complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392.

There are limited exceptions to the well-pleaded complaint rule. The Supreme Court has described these exceptions as follows: "a state claim may be removed to federal court in only two

4

circumstances--when Congress expressly so provides, such as in the Price-Anderson Act[2] . . . , or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial, 539 U.S. at 8 (footnote omitted). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. "This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." Id.

**Discussion**.

    **A. Federal Question Jurisdiction**.

Contrary to Bekins' assertions, the Second Amended Petition ("Petition") does not on its face assert a Carmack Amendment claim. Instead, the Petition sounds exclusively in state law. Plaintiff's factual recitations concerning the underlying interstate transport of goods by a common carrier under a bill of lading do not plead a Carmack Amendment cause of action, but rather plead state law claims which are subject to preemption by the Carmack Amendment. See Hopper Furs, Inc. v. Emery Air Freight Corp., 749 F.2d 1261, 1264 (8th Cir. 1984) ("All actions against a common carrier, whether designated as tort or contract actions, are governed by the federal statute . . . .").[3]

---

[2]The Price-Anderson Act, in addition to providing federal courts with jurisdiction over tort actions arising out of nuclear accidents, contains an express provision permitting the removal of such actions from state court even when the action asserts only state-law claims. 42 U.S.C. § 2014(hh). See discussion in Beneficial, 539 U.S. at 6.

[3]This form of preemption is ordinary preemption which, as the Court explained in its prior memorandum and order of remand, is distinct from complete preemption: "[C]omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." Lauder, No. 4:02-CV-1947 CAS, slip op. at 4 (quoting Smith v. GTE Corp., 236 F.3d 1292, 1313 (11th Cir. 2001)). As the Eighth Circuit has instructed, "In the ordinary case, federal

5

Because the plaintiff is the master of her complaint, Caterpillar, 482 U.S. at 392, and she chose not to allege a claim under the Carmack Amendment, this Court's subject matter jurisdiction rests on whether the state law claims asserted by plaintiff are completely preempted by the Carmack Amendment. The Carmack Amendment, unlike the Price-Anderson Act noted above, does not expressly provide for the removal of state law claims. Therefore, Bekins' contention that federal subject matter jurisdiction exists under 28 U.S.C. § 1337 necessarily rests on a finding that the Carmack Amendment completely preempts state law claims, see Beneficial, 539 U.S. at 8, despite Bekins' attempt to color the jurisdictional issue before the Court otherwise.

The Court previously concluded that the Carmack Amendment did not completely preempt state law claims for purposes of federal removal jurisdiction. Lauder, slip op. at 5-7. Bekins has offered no new arguments in support of removal apart from its contention that plaintiff's Petition asserts a Carmack Amendment claim. Bekins' contention is incorrect for the reasons discussed above. In contrast, Bekins is correct that well-settled federal law exclusively governs the rights, obligations and liability of an interstate carrier under an interstate bill of lading; however, this does not establish removal jurisdiction. As a result, the Court lacks federal question jurisdiction over this case.

**B. Diversity Jurisdiction**.

In the Notice of Removal, Bekins also contends that the Court has diversity jurisdiction over this matter. The Petition states only that plaintiff is a "resident of the State of Arizona" and that Bekins is licensed to do business in the State of Missouri. Petition, ¶¶ 1-2. Bekins asserts that

---

preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court." Chapman v. Lab One, 390 F.3d 620, 625 (8th Cir. 2004) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

complete diversity of citizenship exists because "the Parties all reside in different States (Illinois, Texas and Arizona)." Notice of Removal, ¶ 11. The Notice of Removal further asserts that plaintiff "resides in Arizona" and that Bekins "maintains its primary offices for conducting business in Hillside, Illinois." Notice of Removal, ¶¶ 1-2.

In order to establish diversity of citizenship, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business, rather than allegations of each party's place of residence. See 28 U.S.C. §§ 1332(a), (c)(1); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) ("We agree with the district court that the pleadings in the present case do not establish diversity jurisdiction. The complaint states Sanders's residency, but not his citizenship.") In this case, there are allegations concerning the state of plaintiff's residence and the state of defendant's principal place of business. Missing are essential allegations concerning the state of plaintiff's citizenship and the state of defendant's incorporation. As a result, the Court concludes that diversity of citizenship has not been established, and therefore diversity jurisdiction is lacking in this case under 28 U.S.C. § 1332.[4]

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over plaintiff's claims based on either federal question or diversity jurisdiction. As a result, the case must be remanded to state court. Bekins' motion to dismiss and motion for summary judgment remain pending for resolution by the state court following remand.

---

[4]Because diversity of citizenship is not established, the Court need not examine whether a change of citizenship by plaintiff after filing the initial petition in state court could create diversity jurisdiction where it did not exist before.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri, from which it was removed, for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of December, 2005.